IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRITTNEY KAYLEE TRAN, individually and on behalf of similarly situated individuals<br><br>Plaintiff<br><br>v.<br><br>BMB DINING SERVICES KATY, INC. d/b/a Bombshells Restaurant and Bar<br><br>Defendant | § § § § § § § § § § § § § | CIVIL ACTION NO. 4:25-cv-00033 |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

Defendant BMB Dining Services Katy, Inc. d/b/a Bombshells Restaurant and Bar seeks dismissal of Brittney Kaylee Tran's FLSA collective action based on an unaccepted Rule 68 offer. Defendant's argument contradicts controlling Supreme Court precedent, the established law of this Circuit, and fundamental principles of the Fair Labor Standards Act ("FLSA"). Defendant's offer fails to provide full statutory relief—including liquidated damages, attorneys' fees, and an anticipated service award—and therefore cannot moot Plaintiff's claims.

**I.  Legal Argument**

**A. An Unaccepted Rule 68 Offer Does Not Moot Plaintiff's Claim**

The Supreme Court definitively held in *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016), that an unaccepted offer of judgment under Rule 68 does not moot a plaintiff's claims. Specifically, the Court stated: "An unaccepted settlement offer—like any unaccepted contract offer—is a legal nullity, with no operative effect." *Id.* at 162.

This binding precedent defeats Defendant's argument that its unaccepted Rule 68 offer can extinguish Plaintiff's FLSA claims. The mere existence of the unaccepted offer is

1

insufficient to moot Plaintiff's individual and collective claims, leaving a clear, continuing controversy for this Court to adjudicate.

**B. The Offer Fails to Provide Complete Relief**

Even if an accepted offer could moot an FLSA case, Defendant's offer is deficient. An offer must provide full statutory relief to moot a claim. "If a defendant makes an offer of judgment that does not provide all the relief the plaintiff could potentially receive at trial, the case is not moot." *Mabary v. Hometown Bank, N.A.*, 276 F.R.D. 196, 200 (S.D. Tex. 2011). The *Mabary* court specifically emphasized that unresolved attorney's fees alone prevent mootness. *Id.* at 200–01. Critically, Defendant's offer fails to include:

1. Mandatory Liquidated Damages: Under 29 U.S.C. § 216(b), liquidated damages are mandatory unless the employer proves good faith—a burden Defendant has not met or even addressed.

2. Full Attorneys' Fees: The FLSA requires prevailing plaintiffs to recover reasonable attorneys' fees and litigation costs. Defendant's offer merely provides a lump-sum figure with no explanation or breakdown. This fails to account for even the most basic, fixed litigation costs such as the $405 filing fee and approximately $120 in service costs which together exceed $500. Without a clear and substantiated offer that covers both fees and actual costs, Defendant's proposal cannot constitute full relief under the statute.

3. Service Award: Courts routinely approve modest service awards for named plaintiffs in collective actions upon conditional certification, recognizing the personal risks and efforts undertaken. Defendant's offer does not address this customary and appropriate form of relief.

As the Supreme Court reinforced in *Chafin v. Chafin*, 568 U.S. 165, 172 (2013), "a case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." Here, Plaintiff retains a concrete interest in the outcome of the litigation including statutory liquidated damages, full attorneys' fees, and the ability to represent similarly situated individuals which defeats Defendant's mootness argument. Thus, the offer clearly fails to extinguish Plaintiff's claims.

Additionally, Defendant has failed to attach the Rule 68 offer itself as an exhibit to its motion. Without the offer in the record, this Court has no basis to evaluate whether the terms provide complete relief. The burden rests with the Defendant to prove mootness, and failure to supply the operative document is alone grounds to deny the motion.

**C. Public Policy Forbids Rule 68 'Pick-Off' Strategies**

Allowing defendants to "pick off" lead plaintiffs with premature offers undermines the FLSA's purpose. As the Fifth Circuit explained in *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 920 (5th Cir. 2008), the relation-back doctrine protects plaintiffs from mootness arguments used to block collective action certification.

Accepting Bombshells' theory would allow employers to extinguish representative claims before the court can even evaluate collective action under the process outlined by *Swales*. That approach defies the statutory design of 29 U.S.C. § 216(b) and frustrates systemic enforcement of wage laws. Accordingly, the motion should be denied in its entirety.

124917 (D.N.H. 2014). Thus, the applicability of Defendant's cited cases should be viewed with caution, as they have limited application on the issues presented here.

## II. Conclusion

For these reasons, Defendant's Motion to Dismiss should be denied. Plaintiff Brittney Kaylee Tran retains active and unresolved claims under the FLSA, and the Court maintains jurisdiction to fully adjudicate those claims for statutory relief, including unpaid wages, liquidated damages, attorneys' fees, and a service award upon conditional certification**.**

Respectfully submitted,

**TRAN LAW FIRM**

*/s/ Trang Q. Tran*
TRANG Q. TRAN
Federal I.D: 20361
Texas Bar No. 00795787
800 Town & Country Blvd., Suite 500,
Houston, Texas, 77024
Ph.: (713) 223 – 8855
trang@tranlf.com
service@tranlf.com

**ATTORNEY FOR PLAINTIFF, individually and on behalf of similarly situated individuals**

## CERTIFICATE OF SERVICE

On April 4, 2025 a true and correct copy of the foregoing was served, in accordance with the Federal Rules of Civil Procedure.

/s/ *Trang Q. Tran*
Trang Q. Tran

4